**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARYAN ARYAN,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>                          Respondents. | Case No. 1:26-cv-01142-JLT-SAB<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Aryan Aryan is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

### I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of India who entered the United States on January 24, 2024, where he was encountered by federal immigration officials near Jacumba, California. (Doc. 1 at 7.) He was later released from custody on his own recognizance and served with a Notice to Appear charging him as a noncitizen present in the United States who had not been admitted or paroled under INA § 212(a)(6)(A)(i). (*Id.*) On July 4, 2025, Petitioner was arrested by Costa Mesa Police Department for violation of California Vehicle Code 20002(A) – Hit and Run: Property Damage.

1  (Doc. 8 at 6.) On December 17, 2025, Petitioner was arrested by Immigration and Customs
2  Enforcement and is currently detained at Golden State Annex Detention Facility in McFarland,
3  California. (*Id.*) On February 9, 2026, Petitioner filed petition for a writ of habeas corpus pursuant
4  to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1.) On March
5  11, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is
6  "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 8 at
7  1.)

## II.     LEGAL STANDARD

9   The Constitution guarantees that the writ of habeas corpus is "available to every
10  individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)
11  (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the
12  power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or
13  laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens
14  in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*
15  *P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.     DISCUSSION

17  Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing
18  before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth
19  Amendment. (Doc. 1 at 18.) To the extent that Respondents substantively address Petitioner's due
20  process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory
21  detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a
22  bond hearing. (Doc. 8 at 1-2.) Courts nationwide, including this one, have overwhelmingly
23  rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza*
24  *v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz*
25  *Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v.*
26  *Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera*
27  *v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025);
28  *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9,

2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. However, because the Court cannot conclude that the arrest was without any colorable basis, it will require that Petitioner be provided a bond hearing.

## IV.    CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an substantive bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **March 12, 2026**

UNITED STATES DISTRICT JUDGE